UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.

RITA C. CASTILLA, on behalf of herself and all
others similarly situated,

    Plaintiff,

vs.

PACESETTER PERSONNEL SERVICE OF FLORIDA, INC., PACESETTER PERSONNEL SERVICE, INC; each d/b/a PACESETTER PERSONNEL SERVICES, FW SERVICES, PACESETTER PERSONNEL SERVICE, PPS PACESETTER PERSONNEL SERVICE and/or PACESETTER PERSONNEL SERVICES, LLC, and CESAR NORIEGA, an individual,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Rita C. Castilla ("Castilla" or "Plaintiff") on her own behalf and on behalf of all those similarly situated, sues Defendants, Pacesetter Personnel Service of Florida, Inc. ("PPSF") a Florida profit corporation, Pacesetter Personnel Service, Inc. ("PPS") a Florida profit corporation; each d/b/a Pacesetter Personnel Services, FW Services, Pacesetter Personnel Service, PPS Pacesetter Personnel Service and/or Pacesetter Personnel Services, LLC (all of the foregoing are referred to collectively as the "Corporate Defendants"); and Cesar Noriega ("Mr. Noriega" or "Individual Defendant"), (the Corporate Defendants and the Individual Defendant are collectively referred to as the "Defendants"), and states:

## GENERAL ALLEGATIONS

1.    This is an action for declaratory judgment, to recover monetary damages in the form of unpaid overtime compensation, as well as an additional amount as liquidated damages, and to redress the deprivation of rights secured to Plaintiff and other employees similarly situated by the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq.* ("FLSA") and for an award of attorneys' and paralegal fees and costs.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §§ 206 and 216(b), which provides that suit under the Federal Labor Standards Act (hereinafter "FLSA") "may be maintained against any employer…in any Federal or State court of competent jurisdiction."

3. This Court has federal question jurisdiction over the FLSA action in Count I pursuant to 28 U.S.C. §1331 and under 28 U.S.C. §1367 as to Count II for wages.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as the Defendant resides in and does business within this District. In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## PARTIES

5. Plaintiff, Rita C. Castilla, is a resident of the State of Florida and worked for the Defendants, in Palm Beach County, Florida, and in surrounding areas of the District during the three (3) years before the date on which this Complaint was filed.

6. The Corporate Defendants, Pacesetter Personnel Service of Florida, Inc. ("PPSF") and Pacesetter Personnel Service, Inc. ("PPS"), are Florida profit corporations engaged in the business of providing general labor and skilled personnel services to clients inclusive of this District.

7. They appear to be affiliated with the company or companies doing business operating personnel service companies across the Southeast United States, including in the States of Florida, Alabama, Georgia, and Texas (the "Pacesetter Personnel Services Companies").

8. The Pacesetter Personnel Services Companies are featured in a LinkedIn profile as follows:

> We offer reliable, affordable temporary labor. Every day, from over 70 dispatch offices, Pacesetter Personnel Services recruits, dispatches and transports thousands of workers for temporary general or skilled labor assignments to businesses throughout the southern United States. With Pacesetter, there are no employer taxes to file, no payroll forms to maintain, no insurance premiums to pay or un-employment claims to manage. We also offer nationwide payroll services.

9. The Defendants' website reads:

*ABOUT PACESETTER*

Pacesetter can provide a comprehensive solution to your staffing needs, whether that is general labor delivered to you, recruited skilled personnel or payroll services. For 25 years, Pacesetter has provided these services to a wide range of businesses throughout the United States at an affordable price.

Pacesetter offers Workers' Compensation Insurance, General Liability Insurance, handles federal and state taxes, and is compliant with both the ACA and E-verify program. Each and every day, our workers are recruited, dispatched and transported to customers. Pacesetter places an emphasis on safety, which is part of our corporate culture. We spare no expense ensuring the safety of our workers, which is guaranteed via inspections of each job site by our trained professionals. Our general laborers are available on an ASAP basis and the office closest to you can be reached by calling 855-CALL-Pacesetter Personnel Services

…

*Service Area*

*SKILLED PERSONNEL & GENERAL LABOR*

Pacesetter operates general labor and skilled personnel dispatch offices in
Texas, Florida, and Georgia.
(Various office locations are listed, including, but not limited to, in West Palm Beach, Florida.)

The Defendants' website also reads:

General Labor
**WORKLOADS FLUCTUATE. DEADLINES LOOM. STAFFING FALLS SHORT.**
Whatever your situation, the answer is the same: **reliable, affordable temporary labor**. Every day, Pacesetter recruits, dispatches and transports workers for temporary general labor assignments to businesses throughout the southern United States. Through our comprehensive employee transport system, Pacesetter supplies dependable, timely general labor workers directly to your location.
Whether you need **one worker for one day or one hundred workers indefinitely**, Pacesetter can help. Most of our offices are open 24 hours a day, 7 days a week with a fleet of transport vehicles to ensure the timely arrival of workers to onsite projects—a benefit unmatched by competitors.

**Industries**
General labor workers provided by Pacesetter typically perform unskilled and semi-skilled tasks for a range of industries, including construction, packaging and assembly, hospitality and manufacturing. Pacesetter workers can load and unload trucks, clean stadiums during and after events and provide general construction site support.

3

> If you're interested in temporary employment with Pacesetter ™, please call us at 855-CALL-PPS (855-225-5777), and you will be routed to the nearest dispatch office.
>
> **General Labor**
> WE HAVE TEMPORARY GENERAL LABOR POSITIONS IN THE FOLLOWING FIELDS:
>
>  CONSTRUCTION
>  HOSPITALITY
>  STORAGE
>  DEMOLITION
>  JANITORIAL
>  MANUFACTURING
>  PACKAGING
>  FREIGHT HANDLING
>  LANDSCAPING
>  ASSEMBLY
>  MOVING
>  WAREHOUSING
>
> For over 25 years we've helped skilled workers find quality opportunities with some of the area's top companies. Regardless of your specific skill or experience, we can find the job for you.
> Pacesetter is an equal opportunity employer that invests in its personnel through extensive training courses, retention and recognition programs. Referrals are also encouraged through our bonus program.

10. Although the individual office locations may operate under different corporate and/or fictitious names, they operate under the same or substantially similar following fictitious names, including, but not limited to:

   A. PACESETTER PERSONNEL SERVICES;

   B. FW SERVICES;

   C. PACESETTER PERSONNEL SERVICE;

   D. PPS PACESETTER PERSONNEL SERVICE; and/or

   E. PACESETTER PERSONNEL SERVICES, LLC;

(collectively, the "Fictitious Names")

11. At least two of the companies with which the Corporate Defendants appear to be affiliated are F.W. Services, Inc. ("FWS") and FW Services, Inc. ("FW"), are Texas profit corporations. Plaintiff reserves the right to amend to include these or any other companies with which

the Corporate Defendants may be affiliated as joint employers or companies engaged with the Corporate Defendants in a joint enterprise.

12. Corporate Defendants operate personnel service companies across the Southeast United States, including in the States of Florida, Alabama, Georgia, and Texas. Although the individual office locations may operate under different corporate and/or fictitious names, they operate under the same Fictitious Names.

13. One such office is located in Palm Beach County and is run by the Individual Defendant, Mr. Noriega. Plaintiff reserves the right to amend to include any other individuals found to have been working in the day to day operations of the Plaintiff's employer(s) in the interests of the employer(s) so as to make any such individuals liable individually under the FLSA.

14. One such individual who appears to be so involved is Kenneth E. Joekel a/k/a Ken Joekel, who runs a PACESETTER PERSONNEL SERVICES in Tampa, Florida, and is believed to be involved in the running of one or more offices inside Florida, including, but not limited to, one doing business as Tampa Service Company, Inc., and one or more others outside of Florida, including, but not limited to, Texas, under the names of F.W. Services, Inc. and FW Services, Inc. (the "Texas Companies"). All of those entities are also believed to operate under the Fictitious Names including, but not limited to, the name Pacesetter Personnel Services, and also under the name PPS Pacesetter Personnel Service.

15. Mr. Joekel, who is believed to be a resident of Texas, appears to be the President of PACESETTER PERSONNEL SERVICE OF FLORIDA, INC. and TAMPA SERVICE COMPANY, INC. and involved at a high level with the Texas Companies and perhaps others in, or affiliated with, the Pacesetter Personnel Services Companies.

**FACTUAL ALLEGATIONS**

16. The Plaintiff, Rita C. Castilla (hereinafter "Plaintiff"), was an employee of the Defendants within the meaning of the FLSA. 29 U.S.C. §203(e)(1).

17. The Corporate Defendants employed Plaintiff.

18. The Corporate Defendants were and are an enterprise engaged in interstate commerce with annual income of over $500,000 per year.

19. If the Corporate Defendants each individually do not have revenues that total over $500,000.00, then the annual revenue all of the Corporate Defendants, combined, totals over $500,000.00. As referenced below, the Corporate Defendants operate under a common scheme, plan, organization, with the same Managers and are otherwise intertwined or interdependent such that they create a common employer under the law and the total revenues for each would be included to determine whether they are an enterprise engaged in interstate commerce and subject to the FLSA.

20. The Corporate Defendants, as part of their business, would transact business in interstate commerce including transacting business with non-Florida individuals and companies which were part of interstate commerce; would provide personnel services to various companies or clients that are in various states across the Southeast United States, including at least in the States of Florida, Alabama, Georgia, and Texas; purchased materials, equipment, products, and supplies from vendors, wholesalers, dealers, and suppliers out of state which were part of interstate commerce,; would advertise on the Internet to potential clients and customers in and outside of Florida; and would transact and conduct business across state lines, all of which are part of interstate commerce.

21. The Plaintiff at all times material herein was an employee of the Defendants as defined under the meaning of FLSA.

22. Plaintiff was an employee of the Defendants within the last three (3) years working from the Corporate Defendants' location in Palm Beach County, Florida ("Pacesetter Office").

23. Generally, as part of her duties, the Plaintiff was required to appear only at the Pacesetter Office, wait to obtain paperwork only from the Defendants, wait for other employees and a driver to appear, be driven only in a vehicle arranged for only by the Defendants, present paperwork at that day's work location, work at that work location, obtain paperwork at that work location, wait to be driven back to the Pacesetter Office only in a vehicle arranged for only by the Defendants, wait

6

on line, and deliver paperwork back to Defendants at the Pacesetter Office. This was the procedure followed on every single day. Any deviation resulted in Plaintiff not getting paid.

24. At all times material herein, Plaintiff was an employee of the Defendants within the meaning of the Act, 29 U.S.C. § 203(e)(1).

25. Plaintiff was hired by "Managers" of the Defendants, worked at the Defendants' location, was paid by the Defendants, was assigned work activities by the Defendants, performed work for the Defendants, and was driven by employees of the Defendants to different work locations. The Defendants also had the power to hire and fire the Plaintiff, to modify or adjust the Plaintiff's employment conditions, and to determine the Plaintiff's rate of pay and hours worked.

26. The Defendants controlled the Plaintiff's day to day to day activities, supervised, and/or had operational control over the Plaintiff. The Defendants were responsible for hiring the Plaintiff, could terminate the Plaintiff, set the Plaintiff's rate of pay; determined whether Plaintiff was to be paid overtime or the minimum wage; set Plaintiff's work schedule, including, but not limited to, the number of hours per week that Plaintiff worked; assigned work duties; determined when the Plaintiff would arrive and leave for the day coming and going; and trained Plaintiff. Defendants are also responsible for implementing a policy of not paying the Plaintiff for each and every hour that she worked for the Defendants.

27. Defendants had a policy in place where they would only pay the Plaintiff only for the time Plaintiff was working at the work locations. Defendants would not pay Plaintiff for all of the other time she worked, including, but not limited to, the time described in Paragraph 23.

28. The Defendants have at least two employees who are involved in interstate commerce.

29. The FLSA mandates that an employer pay any employee at least the minimum wage for each hour worked.

30. The Fair Labor Standards Act 29 U.S.C Sec. 201 et. seq. requires employers to pay for wait and transportation time if such time is "integral and indispensable" to employee's principal activities.

7

31. The time wait and transportation time Plaintiff spent was "integral and indispensable" to Plaintiff's principal activities

32. The Plaintiff regularly worked for the Defendants but was not paid at least the Federal Minimum Wage for each hour worked as required by the FLSA, or was not properly paid overtime as required by the FLSA.

33. Plaintiff has been treated as a "non-exempt" employee within the meaning of the FLSA and implementing regulations of the U.S. Department of Labor.

34. Plaintiff was, at all times during the violation period, classified by the Defendants as non-exempt under the FLSA and was not properly paid the Federal minimum wage for all hours worked or for overtime.

35. All records concerning the hours worked by the Plaintiff are in the exclusive possession and sole custody and control of the Defendants. Therefore, the Plaintiff is unable to determine and state the exact amount of damages due.

36. Defendants knew and were aware at all times that the Plaintiff was not being paid the Federal Minimum. Defendants purposefully, intentionally, and wrongly failed to pay the Plaintiff the Federal Minimum wage for all hours worked.

37. Defendants knew, or showed reckless disregard for, the fact that its failure to properly pay the Federal Minimum wage was in violation of the FLSA.

24. Defendants, exercising reasonable diligence, would have gained knowledge that Plaintiff was not being compensated at the rate of one and a half times the regular rate for those hours that were worked in excess of forty (40) per week, as required by the FLSA. Defendants knew the amount of time Plaintiff spent performing work or, with the exercise of reasonable care, could have and should have known of the existence of all of the time worked by Plaintiff.

25. The Defendants were informed and knowledgeable about their obligation to pay overtime and were indifferent or outright refused to pay overtime, so as to justify the extension of the statute of limitations to at least three years.

26. Defendants knowingly and willfully operated their workforce companies with a policy of not paying overtime compensation to Ms. Puza, to which they knew she was entitled, which was in violation of the FLSA.

38. Defendants have failed to maintain accurate records of the hours worked by the Plaintiff.

39. Furthermore, the poster employers are required to post to inform employees of their rights under the FLSA was not posted and/or kept current and, therefore the applicable statute of limitation should be equitably tolled. See, e.g., Cruz v. Maypa, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); Yu G. Ke v. Saigon Grill, Inc., 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("Failure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); Kamens v. Summit Stainless, Inc., 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

40. The Defendants actions in failing to pay the Plaintiff the applicable minimum wage or overtime compensation, as required by the FLSA, were willful.

## COUNT I

### UNPAID OVERTIME COMPENSATION – DECLARATION— VIOLATION of 29 U.S.C. § 207

41. Plaintiff re-alleges and incorporates all the above paragraphs as if set forth fully herein.

42. When the Plaintiff worked for the Defendants, she was not paid at least the minimum wage for every hour that she worked for the Defendants as required by the FLSA.

43. The FLSA requires an employer to pay employees at least the minimum wage for every hour that they work.

44. Section 207(a)(1) of the FLSA prohibits an employer from employing its nonexempt employees for a workweek longer than forty (40) hours, unless such employee receives compensation

for all hours he or she is employed in excess of forty (40) hours at a rate not less than one and one-half times the regular rate of pay

45. The FLSA mandates an employer pay its employees time and a half (1 ½) for each and every hour worked in excess of forty (40) hours in a work week.

46. The actions of the Defendant complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

47. The Plaintiff was not an exempt employee.

48. The Defendants were aware the Plaintiff was not paid for each and every hour that they worked.

49. The Defendants were responsible for keeping track of the hours Plaintiff worked; however, the Defendants failed to keep proper and adequate time records for the hours the Plaintiff worked for the Defendants.

50. The Defendants failed and refused to properly compensate the Plaintiff for the minimum wage or the proper overtime rate for each hour worked in excess of forty (40) in a workweek.

51. Because of the Defendants' actions, the Plaintiff had to retain counsel and is entitled to recover her attorneys' fees and costs connected with this suit.

52. As a result of the unlawful acts of the Defendants, the Plaintiff has been deprived of compensation in amounts to be determined by the Court, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

53. Plaintiff is entitled to an award of her reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, Rita Castilla, respectfully requests that judgment be entered in her favor and for all others similarly situated who join in the action against the Defendants:

a. Declaring that Defendants have violated the overtime provisions of 29 U.S.C. § 207;

b. As to Plaintiff and others similarly situated:

      i. Awarding overtime compensation in the amounts to be calculated;

      ii. Awarding liquidated damages in the amounts calculated;

      iii. Declaring that the statute of limitations should be extended to three years and/or that the statute of limitation be tolled;

      iv. Awarding reasonable attorneys' and paralegal fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

      v. Awarding post-judgment interest; and

  c. Ordering any other and further relief this Court deems to be just and proper.

## COUNT II
## WAGES UNDER FLA. STAT. SECTION 448.08. AGAINST Corporate DEFENDANTS

54. Plaintiff re-alleges and incorporates the General Allegations, as if fully set forth herein.

55. Corporate Defendants owe Plaintiff her wages for work performed.

56. Corporate Defendants knowingly and willfully failed to pay Plaintiff all of her wages.

57. As a direct and proximate result Corporate Defendants' failure to pay Plaintiff her wages for which she is owed, Plaintiff has been damaged.

58. Plaintiff is entitled to an award of attorneys' fees and costs pursuant to Fla. Stat. Section 448.08 on her claim for unpaid wages.

**WHEREFORE**, Plaintiff, respectfully requests that this Honorable Court enter judgment in her favor and against Corporate Defendants:

  a. Awarding her unpaid wages;

  b. Awarding her reasonable attorney's fees and costs and expenses of this litigation pursuant to Fla. Stat. Section 448.08. *et. seq.*;

  c. Awarding her pre- and post-judgment interest; and

  d. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE FOR HERSELF AND ALL OTHERS SIMILARLY SITUATED.**

SCHWARZBERG & ASSOCIATES
*Attorneys for Plaintiff*
2751 South Dixie Highway, Suite 400
West Palm Beach, FL 33405
Telephone:	(561) 659-3300
Facsimile:	(561) 693-4540

By: /s/ *Steven L. Schwarzberg*
**STEVEN L. SCHWARZBERG**
Florida Bar No. 306134
steve@schwarzberglaw.com
mail@schwarzberglaw.com

and

**BARRY S. BALMUTH, P.A.**
*Attorneys for Plaintiff*
The Oaks Center – 2505 Burns Road
Palm Beach Gardens, Florida 33410
Telephone: (561) 242-9400
Facsimile: (561) 366-2650
**By:** */s/ Barry S. Balmuth*
**BARRY S. BALMUTH, B.C.S.**
barryb@flboardcertifiedlawyer.com
FBN: 868991