UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 9:18-cv-81431-RLR/BER

RITA C. CASTILLA, on behalf of herself and all others similarly situated,

    Plaintiff,

vs.

PACESETTER PERSONNEL SERVICE OF FLORIDA, INC., PACESETTER PERSONNEL SERVICE, INC; each d/b/a PACESETTER PERSONNEL SERVICES, FW SERVICES, PACESETTER PERSONNEL SERVICE, PPS PACESETTER PERSONNEL SERVICE and/or PACESETTER PERSONNEL SERVICES, LLC, and CESAR NORIEGA, an individual,

    Defendants.
_____/

## PLAINTIFF'S STATEMENT OF CLAIM

Plaintiff, Rita Castilla ("Plaintiff" or "Ms. Castilla"), hereby files her Statement of Claim, pursuant to the Order of Court-Mandated Requirements in FLSA-Based Cases [D.E. 4], and states[1]:

**INTRODUCTORY REMARKS:**

1. This is an action for declaratory judgment, to recover monetary damages in the form of unpaid overtime compensation, as well as an additional amount as liquidated damages, and to redress the deprivation of rights secured to Plaintiff and other employees similarly situated by the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq.* ("FLSA") and for an award of attorneys' and paralegal fees and costs.

---

[1] Plaintiff reserves the right to amend and supplement her Statement of Claim as discovery progresses.

1

2. The Corporate Defendants, Pacesetter Personnel Service of Florida, Inc. ("PPSF") and Pacesetter Personnel Service, Inc. ("PPS"), are Florida profit corporations engaged in the business of providing and delivering general labor and skilled personnel services to clients inclusive of this District.

3. The Plaintiff regularly worked for the Defendants but was not paid at least the Federal Minimum Wage for each hour worked as required by the FLSA, or was not properly paid overtime as required by the FLSA.

4. Plaintiff was, at all times during the violation period, classified by the Defendants as non-exempt under the FLSA and was not properly paid the Federal minimum wage for all hours worked or for overtime.

5. All records concerning the hours worked by the Plaintiff are in the exclusive possession and sole custody and control of the Defendants. Therefore, the Plaintiff is unable to determine and state the exact amount of damages due at this time.

**BACKGROUND:**

Corporate Defendants were the direct employer of Plaintiff within the meaning of the FLSA. At all times material, the Individual Defendant, Mr. Noriega, operated the Corporate Defendants Lake Worth, Florida location day-to-day and had operational control, deciding financial decisions and having say over numerous employees and directing their work day-to-day, as the Individual Defendant had the power to hire and fire, managed the daily operations and was ultimately responsible for the profitability of the Corporate Defendants.

Ms. Castilla has not been paid for hours she worked above 40 hours in any workweek despite having worked overtime in all or most of the time since then[2].

---

[2] With the limited exception of a few instances in which she was paid on a separate check for only some of the overtime she worked.

Defendants knowingly and willfully failed to pay Ms. Castilla her lawfully earned wages and overtime compensation in conformance with the FLSA.

Plaintiff has a claim that goes back more than 3 years. Within the past three (3) years (October 2015 to October 2018), Castilla worked for the Defendants performing various duties, and she was paid approximately $8.25/hr for the first 40 hours she worked.

Castilla was not paid anything (at an overtime rate or otherwise) for her hours over 40 worked in a workweek. She worked Monday – Friday and sometimes Saturdays (typically 2 Saturdays or so per month). She was required to report to work at Defendants' office/agency as early as 4:30 AM or no later than 5:50 AM to be given her daily assignment and assignment slip and to be gathered to be transported together with other workers in a car driven by one of those workers to her assigned place for that work day. Castilla was not allowed to drive her own car or be transported any other way. In fact, Plaintiff was charged $3.00 per day by the Defendants for such transportation (which was deducted from the pay she received from the Defendants).

She typically worked at the place to which she was assigned from 7:00 A.M. to 3:00-3:30 P.M.[3], after which she had to repeat the process of waiting to be gathered and then returned in the same fashion to the Defendants' office/agency.

The time it took to travel to and from the office/agency varied from about 30-60 minutes each way each day, for which Plaintiff was never compensated. She typically was allowed a 30-minute meal break each day.

Castilla additionally worked two (2) Saturdays or so a month from as early as 5:50 A.M. to 4:00 P.M.

---

[3] Plaintiff's hours were irregular depending on the place to which she was assigned. Sometimes, she was required to work as much as a 12-hour day.

3

Castilla can better calculate time worked and amounts paid after first obtaining the time and pay records that the Defendants possess.

Typically, Plaintiff's work day extended from about 6 AM to 4 PM each day for 5 days per week plus an additional day every two weeks. On average, therefore, Plaintiff's work week was about 55 hours for which Plaintiff was entitled to be paid at the overtime rate of $12.38/hour, or an additional $185.70 per week times 145 weeks, or $26,926, plus liquidated damages in the same amount, or $26,926, for a total due of about $53,853. Other employees similarly situated who have worked for the Corporate Defendants and all of the Pacesetter companies with which the Corporate Defendants are engaged throughout the Southeast United States as a joint enterprise, number in the thousands and may be included in a collective action.

Per (D.E. 4), the statement of claim shall also include all attorney's fees and costs incurred to date. With respect to attorney's fees, counsel must provide the hourly rate sought and the number of hours expended by each person billing time:

To date, attorneys' fees are about 11.5 times $550, or $6,325, paralegal fee are about 3.2 hours times $165 or $528, for a total of about $6,853. Costs incurred are approximately $642.15 (including, but not limited to a $400 filing fee and $242.15 for service of process).

Also, per the Court's Order (D.E. 4), Plaintiff is directed to immediately file a Notice of Compliance together with the filing of this Statement of Claim, however, counsel for Defendants have yet to appear. The undersigned will serve Defendants' counsel with a copy of the aforesaid Order, the Statement of Claim and all documents supporting Plaintiff's claim, if any, upon the appearance by counsel for Defendants.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 14th day of November, 2018, the foregoing document was served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

SCHWARZBERG & ASSOCIATES
*Attorneys for Plaintiff, Rita Castilla*
2751 South Dixie Highway, Suite 400
West Palm Beach, FL 33405
Telephone:  (561) 659-3300
Facsimile:   (561) 693-4540

By: /s/ **Steven L. Schwarzberg**
STEVEN L. SCHWARZBERG
Florida Bar No. 306134
steve@schwarzberglaw.com
mail@schwarzberglaw.com

and

**BARRY S. BALMUTH, P.A.**
*Attorneys for Plaintiff*
The Oaks Center – 2505 Burns Road
Palm Beach Gardens, Florida 33410
Telephone: (561) 242-9400
Facsimile: (561) 366-2650
**By:** */s/ Barry S. Balmuth*
**BARRY S. BALMUTH, B.C.S.**
barryb@flboardcertifiedlawyer.com
*FBN:* 868991